**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| VICOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MONOLITHIC POWER SYSTEMS, INC., CHENGDU MONOLITHIC POWER SYSTEMS CO., LTD., MPS INTERNATIONAL (SHANGHAI) LTD., WISTRON CORPORATION, WIWYNN CORPORATION, QUANTA COMPUTER INC., QUANTA CLOUD TECHNOLOGY INC.<br><br>Defendants. | Civil Action No.  7:26-cv-00005<br><br><br>**JURY TRIAL DEMANDED** |

<u>**COMPLAINT FOR PATENT INFRINGEMENT**</u>

This is an action for patent infringement in which Vicor Corporation makes the following allegations against Defendants Monolithic Power Systems, Inc., Chengdu Monolithic Power Systems Co., Ltd., MPS International (Shanghai) Ltd., Wistron Corporation, Wiwynn Corporation, Quanta Computer Inc., and Quanta Cloud Technology Inc., each of whom is a manufacturer and/or distributor who, without authority, makes, imports, uses, offers for sale, and/or sells in the United States certain power converters, circuit board assemblies and other computing systems containing the same that infringe U.S. Patent No. 12,395,087.

<u>**PARTIES**</u>

<u>**Vicor**</u>

1.    Plaintiff Vicor Corporation ("Plaintiff" or "Vicor") is a Delaware corporation with its principal place of business at 25 Frontage Road, Andover, MA 01810. Vicor is a NASDAQ-

listed public company that was founded in 1981 by Dr. Patrizio Vinciarelli in Massachusetts. Dr. Vinciarelli, the lead inventor of the patent asserted in this Complaint, remains Vicor's CEO to this day. Headquartered in the United States, Vicor is a leading provider of high-performance power modules and systems for use in in advanced computing applications—like powering advanced processors in server motherboards, artificial intelligence accelerator cards and systems, and server rack power conversion for use in datacenters. Vicor is the owner of all rights, title, and interest in and to the Asserted Patent, U.S. Patent No. 12,395,087.

### Monolithic Power Systems Defendants

2.      On information and belief, Monolithic Power Systems, Inc. is organized under the laws of the State of Delaware with its principal place of business at 5808 Lake Washington Blvd. NE, Kirkland, Washington 98033. Monolithic Power Systems describes itself as "re-imagining and re-defining the possibilities of high-performance power solutions in industrial applications, telecom infrastructures, cloud computing, automotive, and consumer applications." *About MPS*, Monolithic Power Systems, https://www.monolithicpower.com/en/about-mps.html (last visited Dec. 26, 2025). It "provides small, ultra-efficient, easy-to-use power management solutions including Power Modules [and] Power Converters." *Products*, Monolithic Power Systems, https://www.monolithicpower.com/en/products.html [https://perma.cc/C5AR-TEWJ] (last visited Dec. 26, 2025)*.*

3.      Monolithic Power Systems is a parent of multiple subsidiaries, including Defendants Chengdu Monolithic Power Systems Co., Ltd. and MPS International (Shanghai) Ltd. *See* Monolithic Power Systems, *Subsidiaries of Monolithic Power Systems, Inc.*, SEC, https://www.sec.gov/Archives/edgar/data/1280452/000143774925005903/ex_728187.htm [https://perma.cc/54RD-B5U6] (last visited Dec. 24, 2025). The Complaint refers to Monolithic

Power Systems Inc., Chengdu Monolithic Power Systems Co., Ltd., and MPS International (Shanghai) Ltd. collectively as the "MPS Defendants" or "MPS." On information and belief, MPS, either directly or through Monolithic Power Systems' subsidiaries and affiliates, makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States the MPS MPC12109-F-54-1000-0380 and/or circuit board assemblies and/or computing systems containing the same. The Complaint refers to certain power converters, such as the MPS MPC12109-F-54-1000-0380, and circuit board assemblies and/or computing systems containing the same that infringe the '087 Patent as the Accused Products.

4.    On information and belief, Defendant Chengdu Monolithic Power Systems Co., Ltd. is a Chinese company with the business address #8 Kexin Road, Hi-Tech Comprehensive Bonded Zone, Chengdu, Sichuan, 611731, China. On information and belief, Chengdu Monolithic Power Systems Co. makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States the Accused Products.

5.    Defendant MPS International (Shanghai) Ltd. is a Chinese company with the business address Suite 704-705, Tian An Centre, No. 338 Nanjing Road (West), Shanghai, 200003, China. On information and belief, MPS International (Shanghai) Ltd. makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States the Accused Products.

6.    On information and belief, MPS makes, uses, offers to sell, sells, and/or imports within the State of Texas and the Western District of Texas certain power converters, circuit board assemblies, and/or computing systems containing the same that infringe the '087 Patent, contributes to such patent infringement by making, using, selling, offering to sell within the United States, or importing into the United States power converters, circuit board assemblies, and/or computing systems containing the same that incorporate or constitute a material part of the

inventions claimed, and/or induces others to commit acts of patent infringement in the State of Texas and the Western District of Texas, as described further herein.

7.    On information and belief, MPS does business itself, and/or through its subsidiaries, affiliates, and agents, in the State of Texas and the Western District of Texas and has placed the Accused Products into the stream of commerce throughout the State of Texas and/or in the Western District of Texas.

8.    Through offers to sell, sales, importations, and/or related agreements with affiliates, distributors, and customers operating in and maintaining a significant business presence in the U.S. and/or via their subsidiaries maintaining such a presence, including via wholly owned (directly or indirectly), consolidated, and controlled subsidiaries, MPS does business in the United States, the state of Texas, and in this District.

## **Wistron Defendants**

9.    On information and belief, Wistron Corporation is organized under the laws of Taiwan with its principal place of business at No. 158 Xingshan Rd., Neihu Dist., Taipei City, Taiwan. Wistron describes itself as an "ODM (original design manufacturer) providing services for information and communication technology products." *Company Profile*, Wistron Corporation, https://www.wistron.com/en/AboutWistron/CompanyProfile    [https://perma.cc/CHM5-WHGD] (last visited Dec. 26, 2025).

10.    On information and belief, Wistron Corporation has as its subsidiary Wiwynn Corporation, a Taiwanese company headquartered at 8F No. 90, Sec. 1, Xintai 5th Rd., Xizhi Dist., New Taipei City, Taiwan. Wiwynn began as a wholly owned subsidiary of the Wistron Group but is "on an excellent footing for future expansion and growth as an independent company." *Company Info*,    Wiwynn    Corporation,    https://www.wiwynn.com/about-wiwynn/company-info

[https://perma.cc/27QM-ZK22] (last visited Dec. 26, 2025). Wiwynn describes itself as "delivering hyperscale data center solutions in computing, storage, and rack design, with a focus on next-generation technologies in AI and Advanced Cooling." *Id.*

11.     Wistron Corporation and Wiwynn Corporation serve customers all over the world, including in the United States. As Wiwynn Corporation puts it: "We serve customers without boundaries." *Global Operations*, Wiwynn Corporation, https://www.wiwynn.com/about-wiwynn/global-operations [https://perma.cc/U2FD-3QNA] (last visited Dec. 26, 2025). Both have Texas connections. Wiwynn Corporation has a service center in El Paso, Texas. *Id.* And both Wistron Corporation and Wiwynn Corporation have plans to expand their Texas presence. Wistron Corporation recently announced plans to build AI supercomputing facilities in Texas. *Wistron Selects Forth Worth's AllianceTexas for $761 Million AI Supercomputer Sites Project,* Fort Worth Economic Development Partnership, https://fortworthedp.com/wistron-selects-fort-worths-alliancetexas-for-761-million-ai-supercomputer-sites-project/     [https://perma.cc/J5TE-8NND] (last visited Dec. 26, 2025). Wiwynn Corporation will begin building a new manufacturing and testing facility in Texas in 2026. Area Development News Desk, *Taiwan-Based Wiwynn Plans Socorro, Texas, Production-Testing Operations*, Area Development https://www.areadevelopment.com/newsItems/6-9-2025/wiwynn-socorro-texas.shtml [https://perma.cc/7539-FY4E] (last visited Dec. 26, 2025). The Complaint refers to Wistron Corporation and Wiwynn Corporation collectively as the "Wistron Respondents" or "Wistron."

12.     On information and belief, Wistron makes, uses, offers to sell, sells, and/or imports in the State of Texas and the Western District of Texas the MPS MPC12109-F-54-1000-0380 and/or circuit board assemblies, and/or computing systems containing the same that infringe the '087 Patent ("the Accused Products"), contributes to such patent infringement by making, using,

selling, offering to sell within the United States, or importing into the United States power converters, circuit board assemblies, and/or computing systems containing the same that incorporate or constitute a material part of the inventions claimed, and/or induces others to commit acts of patent infringement in the State of Texas and the Western District of Texas, as described further herein.

13.     On information and belief, Wistron does business itself, and/or through its subsidiaries, affiliates, and agents, in the State of Texas and the Western District of Texas and has placed the Accused Products into the stream of commerce throughout the State of Texas and/or in the Western District of Texas.

14.     Through offers to sell, sales, importations, and/or related agreements with affiliates, distributors, and customers operating in and maintaining a significant business presence in the U.S. and/or via their subsidiaries maintaining such a presence, including via wholly owned (directly or indirectly), consolidated, and controlled subsidiaries, Wistron does business in the United States, the state of Texas, and in this District.

**Quanta Defendants**

15.     On information and belief, Quanta Computer Inc. is organized under the laws of Taiwan with its principal place of business at No. 211, Wenhua 2nd Rd., Guishan Dist., Taoyuan City 333, Taiwan, and has as its wholly owned subsidiary Quanta Cloud Technology Inc., which is organized under the laws of Taiwan and has its principal place of business at 1F, No. 211 Wenhua 2nd Rd., Guishan Dist., Taoyuan City 33377, Taiwan. The Complaint refers collectively to Quanta Computer Inc. and Quanta Cloud Technology Inc. as "Quanta."

16.     Quanta Computer Inc. describes itself as "a leading solution provider in cloud computing" with global impact. *Company Profile*, Quanta Computer,

https://www.quantatw.com/quanta/english/about/company.aspx  [https://perma.cc/GK9R-C7LU] (last visited Dec. 26, 2025); Quanta Computer, Quanta Computer Inc. Annual Report 2024, at 5, https://www.quantatw.com/quanta/english/investment/annualreports.aspx (last visited Dec. 23, 2023) (stating the company's mission is "We make better computer for better world"). Quanta Computer Inc.'s computer server business is thriving due to "increased global investments in AI data center infrastructure buildout." Quanta Computer Inc. Annual Report 2024, at 5.

17.    Quanta Computer Inc. imports the Accused Products directly into the United States for distribution and sale. Quanta Computer, Inc. describes the United States as Quanta's "major exporting region." Quanta Computer Inc. Annual Report 2024, at 112. On information and belief, the Quanta Defendants exercise a substantial degree of control over their U.S.-based subsidiaries and affiliates, including with respect to the manufacture, importation, sale, marketing, and branding of the Accused Products. On information and belief, the Quanta Defendants also enjoy substantial business advantages by directing and controlling these subsidiaries and affiliates' conduct with respect to the Quanta brand and Quanta products, including the Accused Products. On information and belief, Quanta Computer Inc. makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States the Accused Products, including directly and through or in concert with its affiliates and subsidiaries.

18.    Quanta Computer Inc. launched Defendant Quanta Cloud Technology as a subsidiary in 2012 "to offer a full spectrum of off-the-shelf products and services directly to cloud service providers, enterprises and SMBs." Company Overview, *Quanta Cloud Technology*, https://www.qct.io/Company-AboutQCT/index (last visited Dec. 23, 2025). In doing so, Quanta Cloud Technology "effectively inherited the Quanta [Computer, Inc.] hyperscale 'DNA' and its 14-year heritage of leadership within the datacenter hardware space." *See id*. Quanta Computer,

Inc. retains full ownership of Quanta Cloud Technology Inc. to this day. *See* Quanta Computer, Inc. Annual Report 2024, at 87. Quanta Cloud Technology Inc.'s product lines include "servers, storage, switches, integrated racks," which it manufactures, distributes, and sells via its locations in Taiwan, the United States (Washington and California), China, Japan, and Germany. Company Overview, *Quanta Cloud Technology*, https://www.qct.io/Company-AboutQCT/index (last visited Dec. 23, 2025). Quanta Cloud Technology Inc. also uses Quanta Computer Inc.'s "engineering, manufacturing, distribution, supply chain support and rack assembly" via "the Quanta global network" to further disseminate Quanta products, including the Accused Products. *See id*. On information and belief, Quanta Cloud Technology Inc makes, uses, offers to sell, and/or sells within the United States, and/or imports into the United States the Accused Products, including directly and through or in concert with its affiliates and subsidiaries.

19.    On information and belief, Quanta makes, uses, offers to sell, and/or sells within the State of Texas and the Western District of Texas the MPS MPC12109-F-54-1000-0380 and/or circuit board assemblies, and/or computing systems containing the same that infringe the '087 Patent ("the Accused Products"), contributes to such patent infringement by making, using, selling, offering to sell within the United States, or importing into the United States power converters, circuit board assemblies, and/or computing systems containing the same that incorporate or constitute a material part of the inventions claimed, and/or induces others to commit acts of patent infringement in the State of Texas and the Western District of Texas, as described further herein.

20.    On information and belief, Quanta does business itself, and/or through its subsidiaries, affiliates, and agents, in the State of Texas and the Western District of Texas and has placed the Accused Products into the stream of commerce throughout the State of Texas and/or in the Western District of Texas.

21.     Through offers to sell, sales, importations, distributions, and other related agreements with affiliates, distributors, and customers operating in and maintaining a significant business presence in the U.S. and/or via their subsidiaries maintaining such a presence, including via wholly owned (directly or indirectly), consolidated, and controlled subsidiaries, Quanta does business in the United States, the state of Texas, and in this District.

## JURISDICTION AND VENUE

22.     This is an action for patent infringement arising under the patent laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

23.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b) either because (A) the Defendant is a foreign corporation who is not a resident of the United States and thus is subject to venue in any judicial district, including this District; or (B) resides in this District and/or has committed acts of infringement in this District and has a regular and established place of business in this District.

24.     Each Defendant is subject to this Court's general and/or specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to each Defendant's substantial business in the State of Texas and this District, including through its past infringing activities, because each Defendant regularly does and solicits business herein, and/or because each Defendant has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided to customers in the State of Texas and this District, as explained further below, or because a Defendant has established minimum contacts with the United States as a whole, but not a single state, such that the exercise of jurisdiction over each Defendant would not offend the traditional notions of fair play and substantial justice pursuant to Fed. R. Civ. P. 4(k)(2).

**MPS Defendants**

25.     This Court has personal jurisdiction over each MPS Defendant because (A) the Defendant conducts business in and has committed acts of patent infringement in this District, contributed to acts of patent infringement in this District, and/or induced others to commit acts of patent infringement in this District, the State of Texas, and elsewhere in the United States and has established minimum contacts with this forum state such that the exercise of jurisdiction over each Defendant would not offend the traditional notions of fair play and substantial justice; or, in the alternative, (B) the Defendant has established minimum contacts with the United States as a whole, but not a single state, such that the exercise of jurisdiction  over it would not offend traditional notions of fair play and substantial justice pursuant to Fed. R. Civ. P. 4(k)(2).

26.     Monolithic Power Systems, Inc. conducts substantial business with entities and individuals in the State of Texas and the Western District of Texas by, among other things: (A) making, using, selling, offering to sell, and/or importing products that infringe the '087 Patent, both through its own infringing activities and those committed vicariously through and/or in concert with their alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers, which purposely avail Monolithic Power Systems, Inc. of the privilege of conducting those activities in this state and this District; and (B) regularly doing or soliciting business in this District, providing service and support to their customers in this District, deriving substantial revenue from infringing goods offered for sale, sold, and imported in or to this District, and/or engaging in other persistent conduct targeting residents of Texas both through its own conduct and/or in concert with or through its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

27.     For example, Monolithic Power Systems, Inc. works with Texas-based distributors

to sell its products, including Mouser Electronics, Avnet, WPG Americas, and Future. *See* Monolithic Power Systems, Sales Distributors, https://www.monolithicpower.com/en/sales-distributors?srsltid=AfmBOoqLmqq4BQoJ7NCehlS0GPJfRmOPfERx5VpiFzcwfkkNTco2mAO 2 (last visited Dec. 26, 2025).

28.    Accordingly, Monolithic Power Systems, Inc. places the accused power converters, circuit board assemblies, and/or computing systems containing the same into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be sold in the State of Texas, including in this District, and does not otherwise permit the sale of the Accused Products in the State of Texas, or in this District, outside of these established, authorized, and ratified distribution channels and networks.

29.    On information and belief, Chengdu Monolithic Power Systems Co., Ltd., and MPS International (Shanghai) Ltd. participate sufficiently in the Monolithic Power Systems, Inc. power converter supply chain to establish minimum contacts with the United States as a whole.

30.    Venue is proper in this District as to Chengdu Monolithic Power Systems Co., Ltd., and MPS International (Shanghai) Ltd. because they are foreign entities and venue is proper in any judicial district.

31.    Venue is proper in this District as to Monolithic Power Systems, Inc., because Monolithic Power Systems, Inc. has committed acts of infringement in the District as discussed above and has at least one regular and established place of business in the District. Monolithic Power Systems, Inc. establishes a place of business in part through its history of soliciting employees in this District to support local customers, such as a recent job posting for a Staff Applications Engineer in Austin to design 48V DC/DC power modules that requires prior "[H]ands on lab experience." *Monolithic Power Systems Staff Applications Engineer*, Built In,

https://builtin.com/job/sr-staff-applications-engineer/7249799    [https://perma.cc/ZTL6-H8YZ]

(last visited Dec. 28, 2025). Monolithic Power Systems Inc. also establishes a place of business by

soliciting and/or supporting the physical presence of multiple current employees in the District,

such as a Technical Sales Engineer, a Global Account Manager, an Area Sales professional, an

Account Manager, a Principal FAE (Field Application Engineer), a Staff Technical Marketing &

Applications Engineer, and a Field Applications Engineer. *See Akshat Murali*, LinkedIn,

https://www.linkedin.com/in/akshat-murali/ (last visited Dec. 23, 2025); *Whitney Boatright*,

LinkedIn, https://www.linkedin.com/in/whitney-boatright-612b9528/ (last visited Dec. 23, 2025);

*Victor Gallagher*, LinkedIn, https://www.linkedin.com/in/vgallagher/ (last visited Dec. 23, 2025);

*Dylan Wilson*, LinkedIn, https://www.linkedin.com/in/dylan-wilson1/ (last visited Dec. 28, 2025);

*Sam Robinson*, LinkedIn, https://www.linkedin.com/in/sam-robinson-695bba7/ (last visited Dec.

28, 2025); *David Fratzke*, LinkedIn, https://www.linkedin.com/in/david-fratzke-

4a27353b/?locale=en_US (last visited Dec. 28, 2025); *Vincent Su*, LinkedIn,

https://www.linkedin.com/in/vincent-su-00604b79/ (last visited Dec. 28, 2025).

  32. On information and belief, the physical presence of these employees in the District

benefits Monolithic Power Systems, Inc.'s business. For example, the "Area Sales" professional

has a job title that illustrates connection with the physical area in which he is located, and the

Technical Sales Engineer's LinkedIn page emphasizes that he is working "on-site." *Victor

Gallagher*, LinkedIn, https://www.linkedin.com/in/vgallagher/ (last visited Dec. 23, 2025);

*Askshat Murali*, LinkedIn, https://www.linkedin.com/in/akshat-murali/ (last visited Dec. 23,

2025). Their jobs and contributions to the company would not be equivalent if they worked

remotely from somewhere else. On information and belief, these employees store and retain some

amount of Monolithic Power Systems, Inc. materials in their homes including, at a minimum, a

Monolithic Power Systems, Inc. computer with company documents. The solicitation and retention of such employees in this District establishes a physical, regular place of business for Monolithic Power Systems, Inc. in this District.

### Wistron Defendants

33.    This Court has personal jurisdiction over each Wistron Defendant because each Defendant conducts business in and has committed acts of patent infringement in this District, contributed to acts of patent infringement in this District, and/or induced others to commit acts of patent infringement in this District, the State of Texas, and elsewhere in the United States and has established minimum contacts with this forum state such that the exercise of jurisdiction over each Defendant would not offend the traditional notions of fair play and substantial justice.

34.    The Wistron Defendants conduct substantial business with entities and individuals in the State of Texas and the Western District of Texas by, among other things: (A) making, using, selling, offering to sell, and/or importing products that infringe the '087 Patent, both through their own infringing activities and those committed vicariously through and/or in concert with their alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers, which purposely avail the Wistron Defendants of the privilege of conducting those activities in this state and this District; and (B) regularly doing or soliciting business in this District, providing service and support to their customers in this District, deriving substantial revenue from infringing goods offered for sale, sold, and imported in or to this District, and/or engaging in other persistent conduct targeting residents of Texas both through their own conduct and/or in concert with or through their alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

35.    Wistron Corporation and Wiwynn Corporation serve customers all over the world,

13

including in the United States. *See Global Operations*, Wiwynn Corporation, https://www.wiwynn.com/about-wiwynn/global-operations [https://perma.cc/U2FD-3QNA] (last visited Dec. 26, 2025). This includes a shared presence in the Western District of Texas in the form of Wiwynn Corporation's service center in El Paso, Texas. *Id.* And both Wistron Corporation and Wiwynn Corporation are expanding their Texas presence. *See Wistron Selects Forth Worth's AllianceTexas for $761 Million AI Supercomputer Sites Project*, Fort Worth Economic Development Partnership, https://fortworthedp.com/wistron-selects-fort-worths-alliancetexas-for-761-million-ai-supercomputer-sites-project/ [https://perma.cc/J5TE-8NND] (last visited Dec. 26, 2025) (Wistron Corporation recently announced plans to build AI supercomputing facilities in Texas); Area Development News Desk, *Taiwan-Based Wiwynn Plans Socorro, Texas, Production-Testing Operations*, Area Development, https://www.areadevelopment.com/newsItems/6-9-2025/wiwynn-socorro-texas.shtml [https://perma.cc/7539-FY4E] (last visited Dec. 26, 2025) (Wiwynn Corporation will begin building a new manufacturing and testing facility in Texas in 2026).

36.    Accordingly, each Wistron Defendant places the accused power converters, circuit board assemblies, and computing systems containing the same into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be sold in the State of Texas, including in this District, and does not otherwise permit the sale of the accused power converters, circuit board assemblies, and computing systems containing the same in the State of Texas, or in this District, outside of these established, authorized, and ratified distribution channels and networks.

37.    Venue is proper in this District as to both Wistron Defendants because they are foreign entities, so venue is proper in any judicial district.

14

**Quanta Defendants**

38.    This Court has personal jurisdiction over each Quanta Defendant because each Defendant conducts business in and has committed acts of patent infringement in this District, contributed to acts of patent infringement in this District, and/or induced others to commit acts of patent infringement in this District, the State of Texas, and elsewhere in the United States and has established minimum contacts with this forum state such that the exercise of jurisdiction over each Defendant would not offend the traditional notions of fair play and substantial justice. The Quanta Defendants conduct substantial business with entities and individuals in the State of Texas and the Western District of Texas by, among other things: (A) making, using, selling, offering to sell, and/or importing products that infringe the '087 Patent, both through their own infringing activities and those committed vicariously through and/or in concert with their alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers, which purposely avail the Quanta Defendants of the privilege of conducting those activities in this state and this District; and (B) regularly doing or soliciting business in this District, providing service and support to their customers in this District, deriving substantial revenue from infringing goods offered for sale, sold, and imported in or to this District, and/or engaging in other persistent conduct targeting residents of Texas both through their own conduct and/or in concert with or through their alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, and/or consumers.

39.    For example, Quanta Computer Inc. advertises the Accused Products through its subsidiary Quanta Cloud Technology Inc., which in turn identifies several established distribution channels to distribute, market, offer for sale, sell, and/or service infringing products directly to consumers in the United States. *See* Where to Buy, *Quanta Cloud Technology*, https://www.qct.io/wheretobuy/index (last visited Dec. 26, 2025). Such presence and activities

further the use, offers to sell, sales, and/or importation of the infringing Quanta products in Texas. Through their own conduct and their direction and control of their subsidiaries, affiliates, and partners, Quanta Computer Inc. and Quanta Cloud Technology Inc. have committed acts of direct and/or indirect patent infringement within Texas, and elsewhere in the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over Quanta Computer Inc. and Quanta Cloud Technology Inc. would not offend traditional notions of fair play and substantial justice.

40.    On information and belief, the Quanta Defendants also purposefully place infringing Quanta products in established distribution channels in the stream of commerce by contracting with national retailers who sell Quanta's products in the U.S., including in Texas and this District. On information and belief, the Quanta Defendants, directly or through their subsidiaries and affiliates, contract with these companies with the knowledge and expectation that Quanta products will be imported, distributed, advertised, offered for sale, sold, and/or serviced in the U.S. market.

41.    Accordingly, each Quanta Defendant places the accused power converters, circuit board assemblies, and computing systems containing the same into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be sold in the State of Texas, including in this District, and does not otherwise permit the sale of the accused power modules and power systems and/or products containing the same in the State of Texas, or in this District, outside of these established, authorized, and ratified distribution channels and networks.

42.    Venue is proper in this District with respect to Quanta Computer Inc. and Quanta Cloud Technology Inc. because Quanta Computer Inc. and Quanta Cloud Technology Inc. are

foreign entities and venue is proper in any judicial district.

## SINGLE ACTION

43.    This suit is commenced against Defendants pursuant to 35 U.S.C. § 299 in a single action because (A) a right to relief is asserted against Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, and/or selling of the same accused products or processes, and (B) questions of fact common to all Defendants will arise in the action.

44.    Plaintiff is informed and believes, and on that basis alleges, that each named Defendant manufactures, imports, uses, offers for sale, and/or sells the same products and processes accused in this action.

## THE ASSERTED PATENT

45.    This action asserts causes of action for infringement of U.S. Patent No. 12,395,087 ("the '087 Patent"). U.S. Patent No. 12,395,087 is a valid and enforceable United States Patent. Vicor owns the entire right, title, and interest to the '087 Patent.

49.    On August 19, 2025, the U.S. Patent and Trademark Office duly and legally issued the '087 Patent, which is entitled "Power Distribution Architecture with Series-Connected Bus Converter." Plaintiff holds all rights and title to the Patent, including the sole and exclusive right to bring a claim for its infringement. A true and correct copy of the '087 Patent is attached as **Exhibit 1**.

50.    The '087 Patent generally claims[1] Non-Isolated Intermediate Bus Architecture (IBA) power distribution using a class of fixed ratio converters ("NBMs") which are non-isolated.

---

[1] The Non-Technical Descriptions throughout the Complaint do not, and are not intended to, construe or limit the '087 Patent's scope or meaning.

NBMs enable superior power system density and efficiency.

51.    The below figures from the patent show Non-Isolated IBA power distribution using the NBM to provide an intermediate bus to a multiplicity of regulators and a Sine Amplitude Converter ("SAC") embodiment of the NBM. The first image shows prior art Isolated IBA. The second image shows a functional block diagram of the NBM, replacing the isolated bus converter of IBA, to enable a Non-Isolated IBA power distribution architecture with higher efficiency and density. The third image shows an exemplary SAC embodiment of the NBM:







## FACTUAL ALLEGATIONS

52.    As referred to in this Complaint, and consistent with 35 U.S.C. § 100(c), the "United States" means "the United States of America, its territories and possessions."

53.    Each Defendant does not have any right to practice the intellectual property protected by the Asserted Patents.

54.    Each Defendant makes, uses, imports, offers to sell, and/or sells in the United States products made in accordance with the Asserted Patents—including, but not limited to, MPS's MPC12109-F-54-1000-0380 and circuit board assemblies and/or computing systems containing the same (the "Accused Products")—and/or induces others to commit acts of patent infringement in the United States.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 12,395,087

55.    Plaintiff repeats and incorporates by reference each preceding paragraph as if fully set forth herein and further states:

### Monolithic Power Systems

56.    On information and belief, Monolithic Power Systems ("MPS") makes, uses, offers to sell, or sells within the United States certain Accused Products, such as the MPS MPC12109-F-54-1000-0380, which directly infringe, literally and/or through the doctrine of equivalents, at least claims 1, 2, 4, 9, 11, 13, 14, 16, 17, 33–36, 38, 39, 41, 43, 44, 46, 47, 63, 66, 68–71, 73, 76, 82, and 83 of the '087 Patent in violation of 35 U.S.C. § 271(a). A non-limiting and exemplary claim chart comparing independent claims 1, 68, 85, and 89 of the '087 Patent to the MPS MPC12109-F-54-1000-0380, including photographs and drawings where applicable, is attached

as **Exhibit 2**, with supporting materials at **Exhibit 3**.

57.    On information and belief, MPS also knowingly and intentionally induces infringement of at least claims 1–14, 16, 17, 33–36, 38, 39, 41–44, 46, 47, 49, 50, 63, 66, 68–73, 76, 82–85, and 89 of the '087 Patent in violation of 35 U.S.C. § 271(b). No later than as of the filing and service of this Complaint, MPS has had knowledge of the '087 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '087 Patent, MPS continues to actively encourage and instruct its customers and end users (for example, through its marketing and technical support) to use the Accused Products in ways that directly infringe the '087 Patent literally and/or under the doctrine of equivalents. MPS does so knowing and intending that its customers and end users will commit these infringing acts. MPS also continues to make, use, import, offer for sale, and/or sell the Accused Products, despite its knowledge of the '087 Patent, thereby specifically intending for and inducing its customers to infringe the '087 Patent through the customers' normal and customary use of the Accused Products.

58.    On information and belief, MPS also contributorily infringes the '087 Patent in violation of 35 U.S.C. § 271(c) by making, using, selling, offering to sell within the United States, or importing into the United States power converters, circuit board assemblies, and computing systems containing the same that incorporate or constitute a material part of the inventions claimed by the '087 Patent. MPS does so knowing that these components are especially made or especially adapted for uses that infringe the '087 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

59.    A claim chart comparing independent claims 1, 68, 85, and 89 of the '087 Patent to the MPC12109-F-54-1000-0380, including photographs and drawings where applicable, is

attached as **Exhibit 2**.

60.    MPS committed the foregoing infringing activities without license from Vicor. MPS's acts of infringement have damaged Vicor, as owner of the '087 Patent. Vicor is entitled to recover from MPS the damages it has sustained as a result of MPS's wrongful acts in an amount subject to proof at trial. MPS's infringement of Vicor's rights under the '087 Patent will continue to damage Vicor.

### Wistron

61.    On information and belief, Wistron makes, uses, offers to sell, or sells within the United States certain Accused Products, such as the MPS MPC12109-F-54-1000-0380 and/or circuit board assemblies and/or computing systems containing the same (e.g., server boards, servers, computers, and other computing equipment), which directly infringe, literally and/or through the doctrine of equivalents, at least claims 1–14, 16, 17, 33–36, 38, 39, 41–44, 46, 47, 49, 50, 63, 66, 68–73, 76, 82–85, and 89 of the '087 Patent in violation of 35 U.S.C. § 271(a). A non-limiting and exemplary claim chart comparing independent claims 1, 68, 85, and 89 of the '087 Patent to the MPS MPC12109-F-54-1000-0380, including photographs and drawings where applicable, is attached as **Exhibit 2**, with supporting materials at **Exhibit 3**.

62.    For example, some Wistron computer servers are equipped with AMD MI3XX GPU boards. *See AMD Instinct Cloud and Server Solutions*, AMD, https://www.amd.com/en/where-to-buy/accelerators/instinct.html [https://perma.cc/HK67-2F5V] (last visited Dec. 26, 2025) (stating that the following Wistron servers are accelerated by AMD MI3XX GPUs: the GH-14H00, the GS-18F00, the GS-18C00, and the GS-18G00). AMD MI3XX GPU boards use the infringing MPS MPC12109-F54-1000-0380, as shown in the below photos of

AMD MI325X boards:



Source: Vicor employee photograph



Source: Anton Shilov, *AMD's Instinct MI325X Smiles for the Camera*, Tom's Hardware (Jan. 10, 2025),

https://www.tomshardware.com/tech-industry/artificial-intelligence/amds-instinct-mi325x-smiles-for-the-camera-

256-gb-of-hbm3e [https://perma.cc/KQ75-WC4K].

63.    On information and belief, Wistron also knowingly and intentionally induces

infringement of at least claims 1–14, 16, 17, 33-36, 38, 39, 41–44, 46, 47, 49, 50, 63, 66, 68–73, 76, 82–85, and 89 of the '087 Patent in violation of 35 U.S.C. § 271(b). No later than as of the filing and service of this Complaint, Wistron has had knowledge of the '087 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '087 Patent, Wistron continues to actively encourage and instruct its customers and end users (for example, through its marketing and technical support) to use the Accused Products in ways that directly infringe the '087 Patent literally and/or under the doctrine of equivalents. Wistron does so knowing and intending that its customers and end users will commit these infringing acts. Wistron also continues to make, use, import, offer for sale, and/or sell the Accused Products, despite its knowledge of the '087 Patent, thereby specifically intending for and inducing its customers to infringe the '087 Patent through the customers' normal and customary use of the Accused Products.

64.     On information and belief, Wistron also contributorily infringes the '087 Patent in violation of 35 U.S.C. § 271(c) by making, using, selling, offering to sell within the United States, or importing into the United States power converters, circuit board assemblies, and/or computing systems containing the same that incorporate or constitute a material part of the inventions claimed by the '087 Patent. Wistron does so knowing that these components are especially made or especially adapted for uses that infringe the '087 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

65.     Wistron committed the foregoing infringing activities without license from Vicor. Wistron's acts of infringement have damaged Vicor, as owner of the '087 Patent. Vicor is entitled to recover from Wistron the damages it has sustained as a result of Wistron's wrongful acts in an amount subject to proof at trial. Wistron's infringement of Vicor's rights under the '087 Patent will continue to damage Vicor.

**Quanta**

66.    On information and belief, Quanta makes, uses, offers to sell, or sells within the United States certain Accused Products, such as the MPS MPC12109-F-54-1000-0380 and/or circuit board assemblies and/or computing systems containing the same (e.g., server boards, servers, computers, and other computing equipment), which directly infringe, literally and/or through the doctrine of equivalents, at least claims 1–14, 16, 17, 33–36, 38, 39, 41–44, 46, 47, 49, 50, 63, 66, 68–73, 76, 82–85, and 89 of the '087 Patent in violation of 35 U.S.C. § 271(a). A non-limiting and exemplary claim chart comparing independent claims 1, 68, 85, and 89 of the '087 Patent to the MPS MPC12109-F-54-1000-0380, including photographs and drawings where applicable, is attached as **Exhibit 2**, with supporting materials at **Exhibit 3**.

67.    Similarly to Wistron, Quanta equips multiple of its computer servers with AMD MI3XX GPU boards, which contain the infringing MPS MPC12109-F-54-1000-0380 power converters. *See QCT Showcases AMD-Powered Server Open Innovations at 2025 OCP Global Summit*, Quanta Cloud Technology, (Oct. 13, 2025), https://www.qct.io/Press-Releases/index/PR/Server/QCT-Showcases-AMD-Powered-Server-Open-Innovations-at-2025-OCP-Global-Summit/1/0 (stating that the QuantaGrid D75T-7U may use AMD Instinct MI350X GPUs); *AMD Instinct Cloud and Server Solutions*, AMD, https://www.amd.com/en/where-to-buy/accelerators/instinct.html [https://perma.cc/HK67-2F5V] (last visited Dec. 26, 2025)  (stating that the following Quanta servers are accelerated by AMD MI3XX GPUs: the QuantaGrid D74T-7U and the QuantaGrid D74A-7U. AMD MI3XX GPU boards use the infringing MPS MPC12109-F54-1000-0380, as shown in the below photos of AMD MI325X boards).

68.    On information and belief, Quanta also knowingly and intentionally induces infringement of at least claims 1–14, 16, 17, 33–36, 38, 39, 41–44, 46, 47, 49, 50, 63, 66, 68–73, 76, 82–85, and 89 of the '087 Patent in violation of 35 U.S.C. § 271(b). No later than as of the

filing and service of this Complaint, Quanta has had knowledge of the '087 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '087 Patent, Quanta continues to actively encourage and instruct its customers and end users (for example, through its marketing and technical support) to use the Accused Products in ways that directly infringe the '087 Patent literally and/or under the doctrine of equivalents. Quanta does so knowing and intending that its customers and end users will commit these infringing acts. Wistron also continues to make, use, import, offer for sale, and/or sell the Accused Products, despite its knowledge of the '087 Patent, thereby specifically intending for and inducing its customers to infringe the '087 Patent through the customers' normal and customary use of the Accused Products.

69.     On information and belief, Quanta also contributorily infringes the '087 Patent in violation of 35 U.S.C. § 271(c) by making, using, selling, offering to sell within the United States, or importing into the United States power converters, circuit board assemblies, and/or computing systems containing the same that incorporate or constitute a material part of the inventions claimed by the '087 Patent. Quanta does so knowing that these components are especially made or especially adapted for uses that infringe the '087 Patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing use.

70.     Quanta committed the foregoing infringing activities without license from Vicor. Quanta's acts of infringement have damaged Vicor, as owner of the '087 Patent. Vicor is entitled to recover from Wistron the damages it has sustained as a result of Quanta's wrongful acts in an amount subject to proof at trial. Quanta's infringement of Vicor's rights under the '087 Patent will continue to damage Vicor.

71.     Quanta committed the foregoing infringing activities without license from Vicor. Quanta's acts of infringement have damaged Vicor, as owner of the '087 Patent. Vicor is entitled

to recover from Quanta the damages it has sustained as a result of Quanta's wrongful acts in an amount subject to proof at trial. Quanta's infringement of Vicor's rights under the '087 Patent will continue to damage Vicor.

## DEMAND FOR JURY TRIAL

72.     Plaintiff Vicor hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Vicor requests entry of judgment in its favor and against Defendants as follows:

A.     Declaring that Defendants MPS, Wistron, and Quanta have each infringed United States Patent No. 12,395,087;

B.     Awarding damages to Plaintiff in an amount no less than a reasonable royalty for each Defendant's infringement of United States Patent No. 12,395,087, together with prejudgment and post-judgment interest and without limitation under 35 U.S.C. § 287;

C.     Declaring that Defendants MPS's, Wistron's, and Quanta's infringement of United States Patents No. 12,395,087 has been willful and deliberate, at least from the filing of this Complaint;

D.     Injunctive relief precluding Defendants MPS, Wistron, and Quanta from ongoing infringement of United States Patents No. 12,395,087, or, in the alternative, an ongoing royalty for each Defendant's continued infringement of United States Patent No. 12,395,087;

E.     Awarding attorney's fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law; and

F.     Awarding such other costs and further relief as the Court may deem just and proper.

Dated: January 9, 2026                    Respectfully submitted,

                                          *Mark D. Siegmund*
                                          _____
                                          Mark D. Siegmund
                                          Texas Bar No. 24117055
                                          CHERRY JOHNSON SIEGMUND JAMES PC
                                          7901 Fish Pond Rd, Suite 200
                                          Waco, TX 76710-1013
                                          Telephone: (254) 732-2242
                                          Facsimile: 866-627-3509
                                          Email: msiegmund@cjsjlaw.com

                                          Oleg Elkhunovich*
                                          California Bar No. 269238
                                          SUSMAN GODFREY LLP
                                          1900 Avenue of the Stars, Suite 1400
                                          Los Angeles, California 90067-6029
                                          Telephone: (310) 789-3100
                                          Facsimile: (310) 789-3150
                                          Email: VICORII-ITC@susmangodfrey.com

                                          Steven Seigel
                                          Washington Bar No. 53960
                                          Jenna Farleigh**
                                          Washington Bar. No. 47392
                                          Andres Healy
                                          Washington Bar. No. 45578
                                          SUSMAN GODFREY LLP
                                          401 Union Street, Suite 3000
                                          Seattle, Washington 98101-3000
                                          Telephone: (206) 516-3880
                                          Facsimile: (206) 516-3883
                                          Email: VICORII-ITC@susmangodfrey.com

                                          Dinis Cheian*
                                          New York Bar Registration No. 5958152
                                          SUSMAN GODFREY LLP
                                          One Manhattan West
                                          New York, NY 10001-8602
                                          Telephone: (212) 336-8330
                                          Facsimile: (212) 336-8340
                                          Email: VICORII-ITC@susmangodfrey.com

                                          Isabella Soparkar*
                                          Texas Bar No. 24150831
                                          SUSMAN GODFREY LLP
                                          1000 Louisiana Street, Suite 5100
                                          Houston, Texas 77002-5096
                                          Telephone: (713) 651-9366
                                          Facsimile: (713) 654-6666
                                          Email: VICORII-ITC@susmangodfrey.com

Louis S. Mastriani*
DC Bar No. 386820
Lloyd Smith*
DC Bar No. 454606
Buchanan Ingersoll & Rooney PC
1700 K Street N.W., Suite 300
Washington, D.C. 20006-3807
Telephone: (202) 407-7900
Facsimile: (202) 452-7989
VICORII-ITC@bipc.com

*Counsel for Vicor Corporation*

*\*pro hac vice admission pending*
*\*\*admission pending*